UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL-TONY VELEZ,<br><br>      Plaintiff,<br><br>   -against-<br><br>K. HOCHUL; D.F. MARTUSCELLO III; C. PAREDEZ; CRANGLE; ALEXANDER; DRAKE; T. AGNOSTINI; C. LEE; S. SAMUELS; E. BERLINER; C. DEMOSTHENES; E. SEGARRA; JOHN DOE #1 CORCRAFT INDUSTRY; JOHN DOE'S #2, #3, #4,<br><br>      Defendants. | 25-CV-1546 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who is currently incarcerated in Clinton Correctional Facility, in Clinton County, New York, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights with respect to the denial of his parole and his conditions of confinement at Clinton Correctional Facility. Named as Defendants are New York Governor Kathy Hochul; New York State Department of Corrections and Community Supervision ("DOCCS") Commissioner Daniel F. Martuscello; ten named individuals, who are either Commissioners of the New York State Board of Parole or appear to be parole officers or officials; John Doe #1, who works for Corcraft, a division of DOCCS that employs prisoners in manufacturing; and three additional John Does, who also appear to be parole officials. Plaintiff provides a New York, New York, business address for Defendant Paredez, and an Albany, New York, business address for all other defendants. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Defendants violated his rights when he was denied parole by individuals located in Albany on multiple occasions since 2017. Documents attached to the complaint show that Plaintiff was incarcerated at Clinton Correctional Facility when he was most recently denied parole in 2023. Plaintiff further alleges that Defendants Hochul and Martuscello have allowed the Board of Parole to violate state and federal law. Finally, Plaintiff alleges that his rights were violated when he was assigned to work for Corcraft at Clinton Correctional Facility. He does not allege that any of the events giving rise to his claims occurred in this District. Plaintiff does not plead the residential addresses of any of the defendants, but he provides Albany, New York, business addresses for all defendants except Paredez, for whom he provides a New York, New York, business address. While New York, New York falls within this District, *see* 28 U.S.C. § 112(b), Clinton County and Albany County both fall within the Northern District of New York, § 112(a). Even if the Court assumed that Paredez resides in this District and all defendants reside in the State of New York, and, therefore, venue is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred at Clinton

Correctional Facility, and possibly in Albany, New York, venue would also be proper under Section 1391(b)(2) in the Northern District of New York.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Clinton and Albany Counties, where Plaintiff is incarcerated and all but one of the defendants are employed. Moreover, it is reasonable to expect that the relevant documents and witnesses also would be in Clinton or Albany Counties. Finally, the Northern District of New York has previously adjudicated similar claims arising from Plaintiff's denial of parole. *See Velez v. Collado*, No. 9:22-CV-0362 (N.D.N.Y. July 22, 2022) (order dismissing Plaintiff's due process claims arising from denial of his parole.) The Northern District of New York appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Northern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair*

*& Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").[1]

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

---

[1] In addition to money damages and injunctive relief, Plaintiff also seeks release from custody. (*See* ECF 1, at 14.) However, a plaintiff may not challenge the validity of his conviction or obtain release from custody in a Section 1983 action; instead, he can only obtain such relief by bringing a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). This District would be a proper venue for Plaintiff to file a Section 2254 petition because he was convicted in New York County. *See* Local Civil Rule 83.3 ("Unless otherwise provided by statute, applications for a writ of habeas corpus made by persons under the judgment and sentence of a court of the State of New York shall be filed, heard and determined in the District Court for the district within which they were convicted and sentenced . . . .").

A state prisoner must exhaust all available state remedies before filing a petition under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). In New York, exhaustion of a denial of parole first requires appeal to the parole board's Appeals Unit, and, if the Appeals Unit denies the appeal, the individual must petition the State Supreme Court for relief and appeal any denial up to the New York State Court of Appeals. *See Flanders v. Chairman of Div. of Parole,* No. 02-CV-3899 (RCC) (JCF), 2004 WL 253323, at *2 (S.D.N.Y. Feb. 10, 2004) (citing 9 N.Y.C.R.R. § 8006.1). Here, because Plaintiff alleges no facts suggesting that he exhausted his available state remedies, the Court declines to construe the complaint as a petition for *habeas corpus* under Section 2254. *See Pena v. Ellis,* No. 07-CV-2736, 2007 WL 4565032, at *3 (E.D.N.Y. Dec. 21, 2007) (holding that petitioner's challenge to parole revocation deemed unexhausted because he did not file administrative appeal).

4

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 17, 2025
         New York, New York

      /s/ Laura Taylor Swain
      LAURA TAYLOR SWAIN
      Chief United States District Judge